**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **CASEY DIXON,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **OLI GROW, LLC,** | § | |
| **and SETH OLIVIER,** | § | |
| | § | |
| *Defendants.* | | |

---

## DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT

---

Under 28 U.S.C. §§ 1441 and 1446, Defendants Oli Grow, LLC, and Seth Oliver ("**Defendants**"), file this Notice of Removal, and removes the action styled *Casey Dixon v. Oli Grow, LLC*, *and Seth Olivier,* Cause No. 24-005-DCCV-0022 from the 97th Judicial District Court of Archer County, Texas (the "**State Court Action**") to this Court, because diversity exists between Casey Dixon ("**Plaintiff**") and Defendants, and the alleged amount in controversy exceeds $75,000.

Under Local Rule 81.1, Defendants attach hereto a copy of each of the following documents labeled as follows:

Exhibit A:  An index of all documents filed in the State Court Action;

Exhibit B:  A copy of the Docket Sheet in the State Court Action;

Exhibit C:  A copy of each document filed in the State Court Action; and

Exhibit D: Certificate of Interested Persons that complies with LR 3.1(3) or 3.2(e).

In support of this removal, Defendant states the following:

# I.
## FACTUAL AND PROCEDURAL BACKGROUND

1.      This case involves a claim arising from alleged damage to Plaintiff's property in Archer County, Texas (the "**Property**"). On June 24, 2024, Plaintiff filed his Original Petition ("**Petition**") against Defendants styled *Casey Dixon v. Oli Grow, LLC*, *and Seth Olivier*, Cause No. 24-005-DCCV-0022 in the 97th Judicial District Court of Archer County, Texas. Defendants received process via personal service on June 29, 2024. Defendants then filed their answer on July 22, 2024.

2.      In his Petition, Plaintiff alleges that on or before July 9, 2022, Defendants performed an aerial application of pesticides on land adjacent to Plaintiff's property. Plaintiff claims the wind conditions were not conducive to spraying the adjacent property without causing substantial drift.  Plaintiff claims the drift of the pesticides damaged his property, causing him economic harm.

# II.
## JURISDICTION AND GROUNDS FOR REMOVAL

A.      Diversity of Citizenship 28 U.S.C. §1332

3.      Under 28 U.S.C. § 1332(a)(1), "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." Plaintiff is an individual domiciled in, and a citizen of, the State of Texas. *See Coury v. Prot*, 85 F.3d 244 (5th Cir. 1996) ("[T]o be a citizen of a state within the meaning of the diversity provision, a natural person must be both (1) a citizen of the United States, and (2) a domiciliary of that state"). Defendant Seth Olivier is an individual who is domiciled in, and is a citizen of, the State of Louisiana, and maintains no place

of residence or regular business in the State of Texas. *Id*. Defendant Oli Grow, LLC, is a Limited Liability Company composed to two members, Ashley Olivier, a citizen of Louisiana, and Seth Olivier, also a citizen of Louisiana. Therefore, Oli Grow, LLC, is a citizen of Louisiana. *See Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) ("The citizenship of an LLC is determined by the citizenship of each of its members").

4.      Complete diversity of citizenship existed both at the time the Plaintiff commenced its action against Defendants in State Court and at the time of the removal of this action. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 569-570 (2004) ("[I]t is the citizenship of the parties when suit is filed that controls").

B.      The Amount in Controversy Exceeds the Jurisdictional Requirements 28 U.S.C. §1332

5.      Under 28 U.S.C. § 1332(a), "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000…" This is a civil action in which the amount in controversy requirement is met, as Plaintiff's State Court Action alleges damages of at least $200,000.00.

6.      Accordingly, this honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because complete diversity exists between the parties and the alleged damages exceeds $75,000. As such, Defendants respectfully request removal of Plaintiff's suit to this Court pursuant to 28 U.S.C. § 1441(b).

## III.
## VENUE

7.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a), as this district and division embrace the place where the State Court Action is pending.

**IV.**
**REMOVAL PROCEDURAL REQUIREMENTS**

8.      This Notice of Removal is properly filed in the United States District Court for the Northern District of Texas, Wichita Falls Division, pursuant to 28 U.S.C. § 1446(a), as the 97th Judicial District Court of Archer County, Texas, is located in this federal judicial district. *See* 28 U.S.C. § 1441(a). Defendants served the Plaintiff with written notice of the filing of this Notice as required by 28 U.S.C. §1446(d) and filed a copy of this Notice with the clerk of the 97th Judicial District Court of Archer County, Texas.

9.      This Notice is being filed with this Court within thirty (30) days of the date of service of the Petition on Defendants. *McCrary v. Kansas City Southern R.R.*, 121 F.Supp.2d 566 (E.D. Tex. 2000) (citing *Monterey Mushrooms, Inc. v. Hall*, 14 F.Supp.2d 988, 991 (S.D. Tex. 1998) ("when service is effected on a statutory agent, the removal period begins when the defendant actually receives the process and not when the statutory agent receives process.") (citing 14C WRIGHT, et al., § 3732, at 516 and *Kurtz v. Harris*, 245 F. Supp 752, 754 (S.D. Tex. 1965))); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, (1999) (holding that the 30-day removal period does not begin to run until formal service has been made as opposed to the receipt of a courtesy copy of the complaint). Therefore, pursuant to 28 USC §1446(b), this Notice of Removal is timely.

10.     The undersigned signed this Notice pursuant to FEDERAL RULE OF CIVIL PROCEDURE 11, in accordance with 28 U.S.C. § 1446(a).

11.     Defendants submit this Notice of Removal subject to and without waiver of any of their claims, defenses, rights, or remedies in this action, all of which are expressly reserved, and

without admitting any of Plaintiff's claims or that he is entitled to any damages or other relief in this case.

## V.
## JURY DEMAND

12.     Defendants demanded a jury in the State Court Action. Defendants hereby also requests a jury on all claims and causes of action.

## VI.
## CONCLUSION

Under Federal Law, Defendants Oli Grow, LLC, and Seth Oliver remove this action from the 97th Judicial District Court of Archer County, Texas, to this Court.

Respectfully submitted,

ANDERSON & RIDDLE, LLP

/s/ *Kristin Newman*
**GEFFREY W. ANDERSON**
State Bar No. 00786980
ganderson@andersonriddle.com
**KRISTIN NEWMAN**
State Bar No. 24102279
knewman@andersonriddle.com
1604 8th Avenue
Fort Worth, Texas 76104
Telephone: (817) 334-0059
Facsimile: (817) 334-0425

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document was served on all counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this 29th day of July 2024, at the following address:

**<u>VIA ECF</u>**
Daniel Branum
State Bar No. 24064496
Dan@branumpllc.com
Branum PLLC
103 East Main Street
Olney, TX 76374
Telephone: 940-564-5299
**ATTORNEY FOR PLAINTIFF**

*/s/ Kristin Newman*
**KRISTIN NEWMAN**